MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2701
Fax: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GEN PEI,

               Plaintiff,

      v.

MICHAEL CHERTOFF, SECRETARY OF THE U.S.
DEPARTMENT OF HOMELAND SECURITY,
EMILIO T. GONZALES, DIRECTOR OF THE U.S.
CITIZENSHIP AND IMMIGRATION SERVICES,
GERARD HEINAUER, DIRECTOR OF THE
NEBRASKA SERVICE CENTER OF THE U.S.
CITIZENSHIP AND IMMIGRATION SERVICES,
PETER D. KEISLER, ACTING ATTORNEY
GENERAL OF THE UNITED STATES,[1] and
ROBERT S. MUELLER, DIRECTOR OF THE
FEDERAL BUREAU OF INVESTIGATION,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER**

07 Civ. 8189 (LAK) (FM)

ELECTRONICALLY FILED

       Defendants, by their attorney, Michael J. Garcia, United States Attorney for the

Southern District of New York, answer the complaint[2] on information and belief as

follows:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto Gonzales.

[2] Although plaintiff styles her pleading as a "Complaint for Mandamus and Injunctive Relief," the pleading is properly considered simply a complaint. The Second Circuit recently held that "[t]he Federal Rules of Civil Procedure 'are applicable to proceedings for admission to citizenship . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . and has heretofore

1.      This paragraph constitutes plaintiff's characterization of the case, to which no response is required. To the extent a response is required, deny that there has been an unreasonable delay in adjudicating plaintiff's application.

2.      This paragraph constitutes part of plaintiff's jurisdictional statement, to which no response is required. To the extent a response is deemed required, deny.

3.      This paragraph constitutes part of plaintiff's jurisdictional statement, to which no response is required. To the extent a response is deemed required, deny.

4.      Admit.

5.      Admit.

6.      Admit

7.      Deny, except to admit that Gerard Heinauer is the Director of the Nebraska Service Center and that he (as opposed to "Ms. Poulos") has the responsibilities described.

8.      Deny except to admit that Peter D. Keisler is the Acting Attorney General, who is charged with the responsibilities described.

9.      Admit.

10.     Admit the first sentence. Deny the second sentence.

11.     Admit.

---

conformed to the practice in civil actions.'" *Chan v. Gantner*, 464 F.3d 289, 293 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2)). The Rules establish "one form of action to be known as [a] 'civil action,'" Fed. R. Civ. P. 2 (quotation marks in original), which, except in circumstances not pertinent here, "is commenced by filing a complaint," Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 1 (Rules "govern procedure in the United States district courts in all suits of a civil nature"), and the writ of mandamus was abolished more than 70 years ago with the promulgation of the Rules, *see* Fed. R. Civ. P. 81(b) ("The writs of *scire facias* and *mandamus* are abolished."); *see also In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (same); *Espin v. Gantner*, 381 F. Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); *Cordoba v. McElroy*, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) (same).

12. Deny. Defendants aver that the evidence submitted to support plaintiff's application to adjust status was not sufficient to allow approval; consequently, a request for evidence (RFE) has been sent to the plaintiff, which plaintiff has 30 days to answer from the date the RFE was issued. Only after the evidence requested in the RFE is received can her application be adjudicated.

13. Admit.

14. Deny. Defendants aver that any adjustment of status is subject to a "name check" (background investigation) conducted by the Federal Bureau of Investigation. Plaintiff's name check was not completed until October 11, 2007.

15. Admit.

16. Admit.

17. Admit, except defendants aver that any information available to the public on the referenced internet page pertains only to routine case processing, not cases with pending FBI name checks.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants aver that the U.S. Citizenship and Immigration Services ("USCIS") does not maintain records of such inquiries in alien registration files.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. *See supra* ¶ 18.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Admit.

22. [No paragraph 22 is included in the Complaint.]

23. Admit.

24. Admit.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Admit.

27. Admit the first sentence. The second sentence constitutes plaintiff's characterization of this action, to which no response is required.

28. This paragraph constitutes plaintiff's characterization of a statutory provision, to which no response is required. Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.

29. This paragraph constitutes plaintiff's characterization of a statutory provision, to which no response is required. Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.

30. This paragraph constitutes plaintiff's characterization of several holdings by federal district courts, to which no response is required. Defendants respectfully refer the Court to the cited cases for an accurate recitation of their contents.

31. Admit.

32. Deny, except to admit that plaintiff must respond to the pending RFE before his application may be adjudicated. *See supra* ¶ 12.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that plaintiff's immigration status requires him to obtain employment authorization annually.

36. Admit the first sentence. Deny the remainder of the paragraph.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Defendants incorporate by reference their responses to paragraphs 1-41.

43. Admit.

44. Deny, except to admit that USCIS is responsible for processing adjustment of status applications.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Defendants incorporate by reference their responses to paragraphs 1-48.

50. Deny.

51. Deny.

52. Deny.

53. Defendants incorporate by reference their responses to paragraphs 1-52.

54. Deny.

55. Deny.

56. Deny.

57. Defendants incorporate by reference their responses to paragraphs 1-56.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

The remaining paragraph of the complaint constitutes plaintiff's prayer for relief, to which no response is required. To the extent a response is required, defendants deny plaintiff is entitled to the relief sought.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over this action.

### THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### FOURTH DEFENSE

Plaintiff has failed to show that he is owed any peremptory duty that defendants have refused to perform.

### FIFTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

SIXTH DEFENSE

Plaintiff's claims are unripe for review.

EIGHTH DEFENSE

Plaintiff is not statutorily eligible for naturalization until CIS has completed its examination of plaintiff.

\* \* \*

WHEREFORE defendants pray that this Court enter judgment dismissing the action and award such other and further relief as the Court deems just and proper, including costs and disbursements.

Dated: New York, New York
       November 9, 2007

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for Defendants

                /s/ Serrin Turner
By:   SERRIN TURNER
                Assistant United States Attorney
                86 Chambers Street
                New York, New York 10007
                Tel.: (212) 637-2701
                Fax: (212) 637-2686